# CIRCUIT COURT OF BALTIMORE CITY·

Filed September 2, 1891.

IRA PLUMLEY AND E. PLUMLEY, TRUSTEES,

VS.

JOHN F. BIRKMEYER, ET AL.

R. B. Tippett & Bro. for plaintiffs.

C. W. Heuisler and Benzinger & Calwell for defendants.

STEWART, J.—

The bill in this case has been filed to restrain the defendants, who are about to improve their property located on Raborg street, from excavating the soil on their own lot below the depth of the foundation of the plaintiffs' house, which was erected more than twenty years ago on the adjoining lot, charging that by said excavation the wall of their said house will be greatly weakened and damaged, if it does not fall altogether. The plaintiffs claim that from the length of time their house has stood on its present foundation—more than fifty years—it has a right to the lateral support of the adjoining soil and defendants cannot dig below the depth of their wall without great peril, and that they must underpin and secure their wall before proceeding in their work.

The defendants admit that they are about to improve their property, as alleged, and claim that they have the right to do so, and say that they have been conducting improvements with great care and ordinary skill; they deny that the plaintiff's wall is entitled to any lateral support from their soil, while "admitting that the digging of their foundation is liable to injure the plaintiff's wall and house if the same are not underpinned, for which purpose they gave plaintiffs notice to shore up and secure their wall before commencing their improvements, which notice the plaintiffs disregarded and have brought this suit. Although the plaintiffs allege that great and irreparable loss will occur to their property, if the Court does not enjoin the defendants from digging and excavating under or by the side of said wall and removing the support which it now has therefrom, so as in any way to weaken or endanger the safety of said wall or building, yet it is manifest that the whole controversy grows out of the question, whether one or the other party shall be at the expense of underpining the wall of the plaintiffs' house. The question involved is not a new one. Kent in his Commentaries, Vol. 3, p. 532, says: "If the owner of a house in a compact town finds it necessary to pull it down and remove the foundations and he gives due notice of his intention to the owner of the adjacent house, he is not answerable for the injury, which the owner of that house may sustain by the operation, provided he remove his own with reasonable and ordinary skill."

This is the recognized principle in this country relating to this class of cases. To adopt a different rule would be to retard progress and prevent the owner from having a beneficial use of his property. In the case before the Court, the ground now sought to be improved has always been idle. The owner now seeks to make it valuable and he is met by his neighbor, who says that he shall not improve his own property, because his intention is to dig to a greater depth than his neighbor saw fit to do on his adjoining lot some fifty-seven years ago. In this country a person has the right to use his own property as he may wish, provided he exercises that right with due care and skill. If through his negligence and want of care he injures his neighbor, he is liable in damages to the extent of the injury. In some cases at law the English decisions would justify the contention of the plaintiffs, that a liability would exist against the defendants, if damages ensued from the removal of their soil, to the owner of the adjoining land, even after notice to the

party, whose improvements were ancient and were injured by the removal.

The case of Dalton vs. Augers (6 Law R. App. Cases, 740) was contested at every point. It reached the House of Lords, and after argument, was reargued in the presence of seven judges, who gave their opinions at length, and the result reached was that a right to lateral support from adjoining land may be acquired by twenty years' uninterrupted enjoyment for a building proved to have been newly built, or altered, so as to increase the lateral pressure, at the beginning of that time; and it is so acquired, if the enjoyment is peaceable and without deception or concealment, and so open that it must be known that some support is being enjoyed by the building. Prior to this decision an ancient foundation or house was held to be a structure, which had been erected beyond the memory of man, and of the date of whose erection there was no evidence; but in this case the right was accorded to a building, which had been erected twenty years, as above stated.

The judges before whom the case was argued in their various opinions seemed to hesitate as to whether the right acquired was in the nature of an easement, or was the right of property and most of them looked upon the conclusion as a great hardship, but at the same time, as a necessity growing out of decisions, made in other and as they supposed, analogous cases. A careful examination of those cases has satisfied this Court that the same necessity does not exist in this country for such decisions, and that to impose them, in the absence of legislation, such as first directed attention to the subject in England, would work great injustice. It is far better to adhere to principles, which our own Courts have established, growing out of our own necessities and with which we are familiar, than to adopt decisions of distant tribunals even under circumstances which appear to bear some resemblance to each other. Entertaining these views, the injunction now asked for, will be refused and the bill dismissed and an order will be passed to that effect.